UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS BLACKBURN

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CASE NO.   C07-5387-KLS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Noted for June 6, 2008

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for judicial review of the denial of his application for supplemental security income ("SSI") benefits. (Dkt. #14). The parties have consented to have this matter be heard by the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Magistrates Rule 13. After reviewing the parties' briefs and the remaining record, the Court hereby finds and ORDERS as follows:

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI benefits on June 19, 2003. (Dkt. #18-2). That application was denied at the initial level on September 26, 2003. (Dkt. #18-3). A request for reconsideration of the initial denial by plaintiff and notice of appointment of legal representation, both dated November 17, 2003, were received by the Social Security Administration ("SSA") on November 18, 2003. (Dkt. #18-4). Plaintiff's request for reconsideration of the initial denial was denied as well, and a notice thereof – containing the same mailing address for plaintiff as was contained in the initial denial notice – was sent out on December

ORDER
Page - 1

1   17, 2003. (Dkt. #15-2, pp. 1-3, #18-3, p. 1).

2       The December 27, 2003 reconsideration denial contained a notice that plaintiff had 60 days within

3   which to request an administrative hearing, and that he would be assumed to have received the denial five

4   days after the date noted on the notice, unless he could show it was not so received. (Dkt. #15-2, p. 2).  On

5   March 16, 2004, plaintiff's counsel sent a letter to the SSA, in which he stated in relevant part as follows:

6       On my first correspondence with your office on November 17, 2003, I sent you my
        client's Reconsideration Request and Reconsideration Disability Report.  This
7       reconsideration request was filed based on instructions contained in a Notice of
        Disapproved Claim dated September 26, 2003 that was sent to the claimant.
8       Accompanying that filing was the Appointment of Representative form and a copy of
        the fee agreement signed by our client.
9
        After we did not hear from your office for some time, we called your office to find out
10      the status of this claim.  We found out that rather than issuing a Reconsideration
        Denial, Social Security had issued another Notice of Disapproved Claim dated
11      December 2003.  However, Social Security failed to send us a copy of this denial.  We
        checked with our client about this matter and he did not recall having received the
12      denial either.

13      When this matter was brought to the attention of a representative of your office on
        March 3, 2004, we were told to file a Request a [sic] Hearing as soon as possible. . . .
14
        Under the circumstances, and because my client, Mr. Blackburn did not get the proper
15      and timely reconsideration denial, I am requesting that my client's appeal be taken as a
        timely hearing request.  Please advise me of your determination and call me at your
16      earliest convenience. . . .

17  (Dkt. #18-6, pp. 3-4).  Accompanying the letter was a request for hearing form completed and signed by

18  plaintiff and plaintiff's counsel. (Id. at p. 5).

19      On March 30, 2004, in response to the SSA's request for an explanation as to why the request for

20  hearing was late, plaintiff's counsel again provided the explanation previously given in the March 16, 2004

21  letter. (Dkt. #18, p. 2, #18-8, p. 2).  This was followed by another letter addressed to the manager of the

22  local Social Security Administration office located in Tacoma, Washington, dated April 7, 2004, in which

23  plaintiff's counsel wrote in relevant part:

24      Recently, we have had a number of disability cases with your office in which we have
        submitted Appointment of Representative forms to Social Security but when decisions
25      are made on disability claims, we are not being sent a copy of the decision.  Also, when
        address changes are being filed, they are not inputted into the system, causing notices
26      to be sent to the wrong address. . . .

27  (Dkt. #18-9, p. 2).  Plaintiff's counsel then gave two recent examples of these kind of problems he had

28  found in regard to his clients, one of whom being plaintiff. (Id.).  Plaintiff's counsel then went on to state

as follows:

> As you know, timely notice of denials are very important in every case so that the claims can be processed in a timely fashion. Without proper denials, it becomes not only frustrating for the claimants, but it delays and creates obstacles as well in a process that is already lengthy and time consuming. I bring this to your attention because I have been in private practice for many years and have dealt with many Social Security district offices, and it is always important to let management know about these significant problems. These cases are not the only cases in which this problem has come up within the last year but are pointed out as examples of what we have been experiencing.
>
> I thank you in advance for your assistance and help in this matter. I look forward to hearing from you.

(Id. at pp. 2-3).

In response to this letter, on April 13, 2004, an assistant district manager for the local Tacoma SSA office wrote the following:

> This letter is in response to your letter dated April 7, 2004, in which you brought to the attention of the Tacoma District management team the inefficient service you received from the Tacoma District staff. You provided two case examples of appeals submitted by your office to the Tacoma District office, for which you and your client received poor customer service.
>
> As one of the Assistant District Managers at the Tacoma Social Security office, I wish to thank you for taking the time to bring your concerns to our attention. The Social Security Administration prides itself on providing the highest quality of service to the public and their representatives. On balance we are very good at it; however, we will always have room for improvement. Feedback from concerned customers like you is one of the main tools we have for improving our service.
>
> Corrective actions have been taken on the two cases you cited and, we are looking into our workflow procedures to identify where the breakdown occurred causing the inefficient service which you experienced.
>
> On behalf of the Social Security Administration, I offer my apology to you for any inconvenience you may have experienced. Again, I thank you for taking time to report the complaint to our local office.

(Dkt. #18-10, p. 2). Plaintiff's counsel states that the local Tacoma SSA office determined that good cause had been shown for the late filing of the request for a hearing, and that it had forwarded plaintiff's file to SSA's Office of Hearings and Appeals, now known as the Office of Disability Adjudication and Review for processing. (Dkt. #18, p. 3, #18-11, p. 3). Although no actual documentation of this action is contained in the record, defendant has filed no reply disputing the statements of plaintiff's counsel here.

On May 20, 2004, an administrative law judge ("ALJ") from the Seattle office of the SSA's Office of Hearings and Appeals issued an order dismissing plaintiff's March 17, 2004 request for a hearing. The

ORDER
Page - 3

ALJ found specifically in relevant part as follows:

> The claimant was sent notice of the reconsidered determination in this case on December 17, 2003. The claimant was informed at that time that any request for a hearing because of disagreement with the determination must be filed within 60 days of the date of the notice of determination was received. The date such notice was received is presumed to be five (5) days after the date on the notice, unless there is a reasonable showing to the contrary.
>
> . . . a request for hearing must be filed within 60 days after the date the claimant received notice of the previous determination . . . a request for hearing may be dismissed where the claimant has failed to file the request within the specified time and the time for filing such request has not been extended for good cause shown . . .
>
> I have received the information in the file and find that good cause for untimely filing does not exist.
>
> Accordingly, there is no good cause to extend the time for filing. Therefore, the claimant's request for hearing is hereby dismissed. The revised determination dated December 17, 2003 remains in effect.

(Dkt. #15-4, pp. 3-4).

Plaintiff's counsel states that neither he nor plaintiff learned of the ALJ's May 20, 2004 decision until they contacted the Office of Hearings and Appeals on February 6, 2006. (Dkt. #18, p. 3). Plaintiff's counsel states they waited this long to do so, because "it is normal in the Seattle hearings office for two years to elapse between the time a hearing request is filed and the time a hearing is scheduled." (Id.; see also Dkt. #15-5, p. 2). Plaintiff's counsel further states that as soon as they learned of the dismissal they filed a request for review thereof by the Appeals Council which was done on February 10, 2006, but that neither he nor plaintiff ever received an actual copy of the May 20, 2004 dismissal notice until plaintiff's counsel saw a copy thereof attached to defendant's motion. (Dkt. #15-5, p. 1, #18, p. 3).

On June 1, 2007, the Appeals Council denied the request for review, explaining in relevant part its decision not to grant it:

> . . . The request for review filed on February 13, 2006, was not filed within 60 days from the date notice of the dismissal was received as required . . . The date of receipt of such notice is presumed to be five (5) days after the date of such notice unless a reasonable showing to the contrary is made.
>
> . . . the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended . . . The time period will be extended if good cause is shown for missing the deadline . . .
>
> The claimant's attorney reported that neither he nor the claimant received a notice of the reconsideration determination. The Administrative Law Judge dismissed the request for hearing due to untimely filing of the request for hearing on May 20, 2004.

ORDER
Page - 4

> The request for review was not filed until February 13, 2006, with the attorney again stating that neither he nor the claimant received notice of the dismissal. However, there is no indication of a change of address for either the claimant or the attorney during this time period. The notice of dismissal indicates addresses for both the attorney and the claimant as reported on the request for hearing signed by the claimant and the attorney and dated March 18, 2004, only two months prior to the date of dismissal.
>
> A computer inquiry indicates that the claimant filed a subsequent application in February 2007 and was found to be disabled, but he is unable to be located. The Appeals Council is taking no action on this determination of the subsequent application.
>
> The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The decision dated May 20, 2004 stands as the final decision of the Commissioner . . .

(Dkt. #15-6, p. 3). Plaintiff's complaint seeking judicial review of the denial of his application for SSI benefits was filed with this Court on July 30, 2007. (Dkt. #1-#4).

In his motion to dismiss, defendant argues that because plaintiff's request for a hearing and request for review by the Appeals Council were both untimely, plaintiff failed to properly exhaust his administrative remedies in regard to his application for SSI benefits. Because, defendant further asserts, plaintiff failed to so exhaust his administrative remedies, he did not obtain a final agency decision from the Commissioner which is subject to review by this Court. Plaintiff counters that this Court does have jurisdiction to review this matter because he has asserted a colorable constitutional claim, namely that his due process rights were violated by the SSA's failure to timely provide him with notification of its adverse decisions regarding his request for reconsideration and request for a hearing.

For the reasons set forth below, while the Court agrees with defendant that no judicially reviewable final agency decision has been issued by the Commissioner in regard to plaintiff's application for SSI benefits in this case, plaintiff has alleged a colorable constitutional claim with respect to the denial of that application. Defendant's motion to dismiss plaintiff's complaint for judicial review, therefore, hereby is denied, and this matter hereby is remanded to the Commissioner for an administrative hearing before an ALJ and consideration of plaintiff's application on its merits.

## DISCUSSION

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any <u>final decision</u> of the Commissioner of Social Security <u>made after a hearing</u> to which he was a party, irrespective of the amount in controversy, may

obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added); see also Udd v. Massanari, 245 F.3d 1096, 1098 (9th Cir. 2001) (judicial review limited to final decision made after hearing).  Thus, as written, this provision "clearly limits judicial review" to a "final decision" of the Commissioner "made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977).

The meaning of the term "final decision" in Section 405(g), however, is left to the Commissioner "to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975); see also Mathews v. Eldridge, 424 U.S. 319, 330 (1976) ("[U]nder s 405(g) the power to determine when finality has occurred ordinarily rests with the Secretary."). According to those regulations, claimants have a "right to judicial review" only after they have taken all "necessary administrative steps" to complete the "administrative review process." 20 C.F.R. § 404.1400(a).  These steps consist of the initial determination regarding a claimant's entitlement to benefits, reconsideration of that determination, a hearing before an ALJ, and review by the Appeals Council of the ALJ's decision. Id.  Each of these steps, however, "usually must be requested within certain time periods," and in the above order. Id.

If a claimant does not timely pursue his or her appeal rights at each of the above levels of review, the determination made at that particular level becomes binding. See 20 C.F.R. § 416.1405, § 416.1421(a), § 416.1455(a), § 416.1481.  For example, a claimant who is dissatisfied with an adverse reconsideration determination may request a hearing before an ALJ. 20 C.F.R. § 416.1429, § 416.1430(a)(1).  That request must be filed within 60 days after the date the determination notice is received,[1] unless good cause can be shown for extending the time period. 20 C.F.R. § 416.1433(b)-(c).  In addition, a request for review of an adverse hearing decision must be filed with the Appeals Council within 60 days of the date the decision notice is received as well,[2] again unless good cause can be shown for extending that time period. 20 C.F.R. § 416.1468.

In determining whether there is "good cause" for missing a filing deadline, one of the factors the

---

[1] The date the notice is received means "5 days after the date on the notice," unless the claimant can show that he or she did not receive it within the five-day period. 20 C.F.R. § 416.1401.

[2] See footnote 1.

ORDER
Page - 6

1  Social Security Administration considers is whether any of its actions misled the claimant. 20 C.F.R. §
2  416.1411(a)(2).  The Commissioner also has provided a list of circumstances where good cause may be
3  shown to exist, one of which is where the claimant "did not receive notice of the initial determination or
4  decision."[3]  20 C.F.R. § 416.1411(b)(7).  Plaintiff argues that good cause has been shown under 20 C.F.R. §
5  416.1411(a)(2) and § 416.1411(b)(7) here, and that the Commissioner failed to follow its own regulations
6  in not so finding.

7  While plaintiff may be correct in so arguing – though it does seem that 20 C.F.R. § 416.1411(b)(7)
8  would likely be inapplicable here as it expressly applies to "initial" determinations and decisions – the
9  good cause determinations made by the ALJ and Appeals Council are not final agency decisions, and thus,
10 for the reasons discussed above, are not reviewable by this Court.  Plaintiff further argues that the ALJ did
11 not articulate the specific facts upon which he relied to find good cause did not exist, which he then asserts
12 deprives this Court of any basis on which to assess the correctness of that decision.  Again, however, this
13 is not a final agency decision subject to judicial review by this Court.  Accordingly, the Court will not
14 review that decision or the decision of the Appeals Council on this basis.

15 There are some cases though where "a claimant's interest in having a particular issue resolved
16 promptly is so great that deference to the agency's judgment [regarding when finality in the administrative
17 review process occurs] is inappropriate."  Mathews, 424 U.S. at 330.  These are cases involving challenges
18 to the Commissioner's decisions made "on constitutional grounds," to which is applied "the well-
19 established principle that when constitutional questions are in issue, the availability of judicial review is
20 presumed."  Califano, 430 U.S. at 109.  This is because such questions "obviously are unsuited to
21 resolution in administrative hearing procedures," thus making access to the courts "essential" to deciding
22 them, and "a statutory scheme" will not be interpreted as foreclosing judicial review, unless there is "clear
23 and convincing" evidence of congressional intent to do so.  Id. (citation omitted); see also Boettcher v.
24 Secretary of Health and Human Services, 759 F.2d 719, 721 (9th Cir. 1985).

25 A claimant's constitutional challenge, however, must be "colorable."  Boettcher, 759 F.2d at 721.
26 While it appears that the courts "have not expressly defined what a 'colorable' claim is," the Eighth Circuit
27 has held constitutional claims are reviewable when "not without some merit."  Id. at 722 (quoting Jensen v.
28

---

[3] The list of circumstances where good cause may be shown to exist set forth in 20 C.F.R. 416.1411(b) is not exclusive.

ORDER
Page - 7

Schweiker, 709 F.2d 1227, 1230 (8th Cir. 1983)). The Fourth Circuit in turn has indicated that such claims should be dismissed if they "clearly" appear to be "immaterial and made solely for the purpose of obtaining jurisdiction," or they are "wholly insubstantial or frivolous." Id. (quoting Holloway v. Schweiker, 724 F.2d 1102, 1105 (4th Cir. 1984)). It seems these factors are applicable in the Ninth Circuit as well. Id. (finding claimant's claim to be colorable, because it was not wholly insubstantial, immaterial or frivolous); see also Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997).

Where a claimant raises a "colorable constitutional claim of due process violation that 'implicates a due process right [either] to a meaningful opportunity to be heard,' or to seek reconsideration of an adverse benefits determination," therefore, judicial review of that claim will not be precluded. Evans, 110 F.3d at 1483 (internal citation omitted) (emphasis added); see also Udd, 245 F.3d at 1099 ("[D]ue process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied."). Such a claim has been raised here. Plaintiff argues his due process rights were violated by the Social Security Administration's failure to provide him with proper notice of both his reconsideration denial and request for a hearing. The record before the Court at the very least shows plaintiff's claim to be not without some merit.

In their decision denying plaintiff's request for review, the Appeals Council, as noted above, found the claim by plaintiff's counsel that neither he nor plaintiff received notice of the reconsideration denial to lack merit, because there was no indication of a change of address for either plaintiff or plaintiff's counsel. (Dkt. #15-6, p. 3). The Appeals Council also points out that the same mailing addresses for both plaintiff and plaintiff's counsel that appeared on the ALJ's notice of dismissal was the same as that which appeared on the request for a hearing. (Id.). While true, plaintiff's counsel also previously had informed the local Tacoma SSA office that both he and a number of his clients, including plaintiff, were not being sent copies of decisions from that office, and that address changes were not being "inputted into the system, causing notices to be sent to the wrong address." (Dkt. #18-9, p. 2).

Indeed, the local Tacoma SSA office itself acknowledged that problems had occurred with both this and the other case set forth as examples by plaintiff's counsel, and that "[c]orrective actions" were taken on those two cases. (Dkt. #18-10, p. 2). The statements made by plaintiff's counsel and the acknowledgment by the local Tacoma office's of its problems in handling the decision notices and address

1 changes have not been challenged by defendant.  Nor has defendant challenged the statement by plaintiff's
2 counsel that the local Tacoma SSA office determined good cause had been shown for the late filing of the
3 reconsideration request, and that it had forwarded plaintiff's file to the Office of Hearings and Appeals for
4 processing.

5 　　　At the very least in regard to the reconsideration denial, such evidence shows that proper notice
6 thereof was not received by plaintiff or plaintiff's counsel.  Defendant also has failed to rebut the statement
7 of plaintiff's counsel that timely and proper notice of the ALJ's dismissal of the hearing request was not
8 received.  While, as noted above, the Appeals Council did point out in its decision denying the request for
9 review that the same mailing address appeared on the ALJ's dismissal notice as on the request for review,
10 the Appeals Council also acknowledged problems with locating plaintiff in regard to a subsequent decision
11 granting him disability benefits.  Although the Appeals Council stated that it was taking no action with
12 respect to this latter determination, this does point to potential continuing issues with the ability of the SSA
13 to properly notify plaintiff of its decisions.

14 　　　Taken as a whole therefore, the evidence in the record before the Court, particularly in regard to the
15 issuance of the reconsideration denial notice, is sufficient to establish a colorable due process claim.  As
16 such, the Court finds plaintiff is entitled to judicial review of his application for SSI benefis, despite the
17 fact that no final agency decision has been issued by the Commissioner in this case.  However, because no
18 hearing before an ALJ has been held in this matter, and because no final determination on the merits of
19 plaintiff's claims has been made at the administrative review level, this matter should be remanded to the
20 Commissioner for further administrative proceedings in that regard.

21 <center>CONCLUSION</center>

22 　　　Based on the foregoing discussion, defendant's motion to dismiss (Dkt. #14) hereby is DENIED.
23 Accordingly, this matter hereby is REMANDED to the Commissioner for an administrative hearing and
24 consideration of plaintiff's application for SSI benefits on its merits.

25 　　　DATED this 13th day of May, 2008.

26

27 　　　　　　　　　　　　　　　　　　　*/s/ Karen L. Strombom*
　　　　　　　　　　　　　　　　　　　Karen L. Strombom
28 　　　　　　　　　　　　　　　　　　　United States Magistrate Judge